IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
ROMBO AYUEL ALOUNG,            )
                               )
            Plaintiff,         )        4:10CV3098
                               )
      v.                       )
                               )
IMMIGRATION & NATURALIZATION,  )        MEMORANDUM OPINION
et al.,                        )
                               )
            Defendants.        )
_____)
```

Plaintiff filed his complaint in this matter on May 21, 2010 (Filing No. 1).  Plaintiff has previously been given leave to proceed in forma pauperis (Filing No. 7).  Also pending is a motion, which the Court liberally construes as a motion to amend complaint (Filing No. 6).  The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.  MOTION TO AMEND**

Plaintiff filed a motion on June 8, 2010, which the Court liberally construes as a motion to amend complaint (Filing No. 6).  A court should freely give a party leave to amend its pleading when justice so requires.  Fed. R. Civ. Pro. 15(a)(2).  In addition, the Court may consider a pro se plaintiff's amended pleading "as supplemental to, rather than as superseding, the original pleading."  NECivR 15.1(b).  Therefore, plaintiff's motion will be granted and the amended complaint is treated as

supplemental to the original for purposes of this memorandum and order.

## II. SUMMARY OF COMPLAINT

Plaintiff filed his complaint against the "Warden of Douglas County" and "Immigration & Naturalization" ("INS") (Filing No. 1 at CM/ECF p. 1). Plaintiff is a Sudanese refugee who is currently confined at the Douglas County Correctional Center in Omaha, Nebraska. (*Id*. at CM/ECF p. 2; Filing No. 6 at CM/ECF p. 1.)

Plaintiff alleges that an order has been entered to remove him from the United States and return him to Sudan (Filing No. 1 at CM/ECF p. 2; Filing No. 6 at CM/ECF p. 1). Plaintiff seeks to change the removal order because he believes that Sudan is a very dangerous place.[1]  (Filing No. 1 at CM/ECF p. 2; Filing No. 6 at CM/ECF p. 2.)

---

[1] Because it is unclear whether plaintiff faces criminal charges, the Court will treat plaintiff as a detainee who is about to be deported. Such a detainee is not a "prisoner" within the meaning of 28 U.S.C. § 1915(a)(2). *See, e.g.*, *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) (noting that an INS detainee who does not also face criminal charges is not a prisoner under 28 U.S.C. § 1915); *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (concluding that a detainee who was about to be deported was not a "prisoner" within the meaning of § 1915(a)(2)).

**III. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

-3-

**IV. DISCUSSION OF CLAIMS**

As discussed above, plaintiff seeks to challenge a removal order (Filing No. 1 at CM/ECF p. 1; Filing No. 6 at CM/ECF p. 6). However, the REAL ID Act "place[s] exclusive review of orders of removal with circuit courts." *See* 8 U.S.C. § 1252; *Haider v. Gonzales*, 438 F.3d 902, 905 (8th Cir. 2006). Consequently, this Court lacks jurisdiction over plaintiff's complaint and it must be dismissed. However, the Court will dismiss plaintiff's complaint without prejudice to reassertion before the Eighth Circuit Court of Appeals. A separate order will be entered in accordance with this memorandum opinion.

DATED this 30th day of June, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.